**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION** | **MDL No. 2724** <br> **16-MD-2724** |

*This document relates to*:

| | |
|---|---|
| *State of Connecticut et al. v. Aurobindo Pharma USA, Inc., et al.* | Civil Action No.: 2:17-cv-03768 (CMR) |
| *State of Connecticut et al. v. Teva Pharmaceuticals USA, Inc., et al.* | Civil Action No.: 2:19-cv-02407 (CMR) |
| *State of Connecticut, et al., v. Sandoz, Inc., et al.* | Civil Action No.: 2:20-cv-03539 (CMR) |

**MEMORANDUM OF LAW IN SUPPORT OF THE STATES' MOTION TO REMAND**

**Table of Contents**

INTRODUCTION ........................................................................................................................... 1
BACKGROUND ........................................................................................................................... 1
  1.  The Panel Transfer of the State Litigations to MDL 2724. .................................................. 1
  2.  The Venue Act ..................................................................................................................... 2
ARGUMENT .................................................................................................................................. 3
  I.  The Venue Act Excludes State Antitrust Enforcement Actions From Multidistrict Litigation—As The Panel Has Already Determined. ................................................................. 3
    a.  Congress Did Not Expressly Proscribe the Venue Act's Proper Temporal Reach. .......... 4
    b.  The Venue Act is a Procedural Rule and Not Genuinely Retroactive. ............................ 5
CONCLUSION ............................................................................................................................... 6

**INTRODUCTION**

The States,[1] plaintiffs in three state antitrust enforcement litigations in MDL 2724 (collectively, the "States Actions") seek an order from this Judicial Panel on Multidistrict Litigation (the "Panel") remanding these actions to the District of Connecticut, where they were originally filed prior to being transferred to MDL 2724 pending in Eastern District of Pennsylvania.[2] Remand is appropriate pursuant to the State Antitrust Enforcement Act of 2021 (the "Venue Act"), which exempts State antitrust actions from the MDL process. The Panel has previously held that the Venue Act "applies to state antitrust enforcement actions pending in MDLs [and] that remand is required." *In re: Google Digital Advert. Antitrust Litig.*, MDL No. 3010, 2023 WL 3828612, at *3 (J.P.M.L. June 5, 2023). The Panel's decision has withstood Second Circuit review. *In re Google LLC*, No. 23-910, Dkt. No. 101 (2d Cir. Oct. 4, 2023) (denying Google's mandamus petition and motion for reconsideration). That same analysis applies to the States' Actions—which must be remanded to the District of Connecticut.

**BACKGROUND**

**1. The Panel Transfer of the State Litigations to MDL 2724.**

The States filed the *Heritage* Action in December 2016 in the District of Connecticut and asserted claims under federal and state antitrust and consumer protection laws relating to price-fixing of generic drugs. In April 2017, certain defendants sought the transfer of the *Heritage* Action

---

[1]   Every state except Alabama, Arkansas, Hawaii, and Texas, along with the District of Columbia, Puerto Rico, the Northern Mariana Islands, and the Virgin Islands. American Samoa, Guam, and Hawaii voluntarily dismissed their claims.

[2]   Those actions are: (1) *Connecticut et al. v. Aurobindo Pharma USA, Inc. et al.*, No. 3:16-CV-02056 (D. Conn.) (the "*Heritage* Action"); (2) *Connecticut et al. v. Teva Pharmaceuticals USA, Inc.*, No. 3:19-CV-00710 (D. Conn.) (the "*Teva* action"); and (3) *Connecticut et al. v. Sandoz, Inc. et al.*, No. 3:20-CV-00802 (D. Conn.) (the "*Dermatology* Action").

to MDL 2724. *See* Dkt. No. 299.[3] The States opposed. *See* Dkt. No. 321. The Panel granted the defendants' request and transferred the *Heritage* Action to MDL 2724 in the Eastern District of Pennsylvania for consolidated pretrial proceedings on August 3, 2017. *See* Dkt. No. 336.

In May 2019, the States filed their second action, the *Teva* Action, in the District of Connecticut. That complaint also alleged violations of state and federal antitrust and consumer protection laws arising out of price-fixing and market allocation in the generic drug industry. In May 2019, defendant Teva Pharmaceuticals USA, Inc. requested the transfer of the *Teva* action to MDL 2724. *See* Dkt. No. 347. The Panel granted that request on May 30, 2019 and transferred the *Teva* action to the Eastern District of Pennsylvania for pretrial proceedings. *See* Dkt. No. 351.

In June 2020, the States filed their third action, the *Dermatology* Action, in the District of Connecticut. That complaint also alleged violations of state and federal antitrust and consumer protection laws arising out of price-fixing and market allocation in the generic drug industry. In June 2020, defendant Sandoz Inc. requested the transfer of the *Dermatology* Action to MDL 2724. *See* Dkt. No. 376. The Panel granted that request on July 15, 2020 and transferred the *Dermatology* Action to the Eastern District of Pennsylvania for pretrial proceedings. *See* Dkt. No. 379.

**2. The Venue Act**

On December 29, 2022, President Biden signed into law the State Antitrust Enforcement Venue Act (the "Venue Act") as part of the 2023 omnibus spending package. *See* Consolidated Appropriations Act, 2023, Pub. L. No. 117-328, Div. gg, Title III, § 301, 136 Stat. 4459, 5970 (2022). The Venue Act explicitly provides that "a State" antitrust enforcement action is exempt from the MDL process:

> Nothing in [28 U.S.C. § 1407] shall apply to any action in which the United States **or a State** is a complainant arising under the antitrust laws. "Antitrust laws" as used

---

[3] Unless otherwise noted, all docket citations are to the JPML Docket for MDL No. 2724.

    herein include those acts referred to in the Act of October 15, 1914, as amended (38 Stat. 730; 15 U.S.C. 12), and also include the Act of June 19, 1936 (49 Stat. 1526; 15 U.S.C. 13, 13a, and 13b) and the Act of September 26, 1914, as added March 21, 1938 (52 Stat. 116, 117; 15 U.S.C. 56).

*See* Consolidated Appropriations Act, 2023, Pub. L. No. 117-328, Div. gg, Title III, § 301, 136 Stat. 4459, 5970 (2022) (emphasis added); *see also In re: Google Digital Advert. Antitrust Litig.*, MDL No. 3010, 2023 WL 3828612, at *1 (J.P.M.L. June 5, 2023) (finding that the Venue Act amended 28 U.S.C. § 1407(g) "to exempt state antitrust enforcement actions arising under federal antitrust law from MDLs").

    Congress recognized the compelling need to put the State Attorneys General on a level playing field with federal antitrust enforcers. H.R. Rep. 117-494, at 2-4 (Sept. 26, 2022); *see also* Letter from Venue Act Co-Sponsors Senators Klobuchar and Lee and Representatives Cicilline and Buck (July 28, 2021) (aim of Venue Act is "to give federal and state enforcers relative parity—neither federal nor state governments should be hamstrung in their efforts to halt antitrust violations or protect their citizens from anticompetitive conduct"). The Venue Act "ensures that a state is afforded deference when selecting the appropriate venue to file its antitrust claim and eliminates the delay, inefficiency, and associated higher cost that a state may encounter under existing law." H.R. Rep. 117-494, at 2-4. Additionally, "eliminating unnecessary delays that are the result of the JPML process, may strengthen enforcement of the antitrust laws." *Id.*

## ARGUMENT

**I.    The Venue Act Excludes State Antitrust Enforcement Actions From Multidistrict Litigation—As The Panel Has Already Determined.**

    The Venue Act explicitly exempts State antitrust enforcement actions from the MDL process. As a result, the Panel no longer has statutory authority over State antitrust enforcement actions—regardless of whether such an action was filed before or after the Venue Act was signed.

3

*See In re Google*, 2023 WL 3828612, at *3 ("On its face, the Venue Act plainly is intended to allow state antitrust actions to proceed in the action's original forum. . . .").

The Supreme Court has determined that "[c]hanges in procedural rules may often be applied in suits arising before their enactment without raising concerns about retroactivity." *Landgraf v. USI Film Products*, 511 U.S. 244, 275 (1994). The *Landgraf* Court established a framework for determining whether a new federal statute applies to an existing matter:

> When a case implicates a federal statute enacted after the events in suit, the court's first task is to determine whether Congress has expressly prescribed the statute's proper reach. If Congress has done so, of course, there is no need to resort to judicial default rules. When, however, the statute contains no such express command, the court must determine whether the new statute would have retroactive effect, *i.e.,* whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed. If the statute would operate retroactively, our traditional presumption teaches that it does not govern absent clear congressional intent favoring such a result.

*Id*. at 280. This Panel has already applied the *Landgraf* framework to the Venue Act and determined that the statute applied to a State antitrust enforcement action pending at the time the legislation was signed. *In re Google*, 2023 WL 3828612, at *3. As it did in *In re Google*, the Panel should remand the States' Actions to their original forum, the District of Connecticut. *See id.* at *3 (remanding to the Eastern District of Texas).

    **a.  Congress Did Not Expressly Proscribe the Venue Act's Proper Temporal Reach.**

With respect to the first *Landgraf* factor, the Venue Act is silent as to whether it applies to pending cases. *See* Consolidated Appropriations Act, 2023, Pub. L. No. 117-328, Div. gg, Title III, § 301, 136 Stat. 4459, 5970 (2022); *see also In re Google*, 2023 WL 3828612, at *2 ("[T]he express language of the Section 1407(g) amendment does not provide an answer as to its temporal reach.").

Any argument to the contrary must fail. For instance, it is immaterial that earlier drafts of the Venue Act contained retroactivity clauses that were ultimately removed from the final legislation.[4] *See, e.g.*, S. 1787, 117th Cong. (as introduced May 24, 2021); H.R. 3460, 117th Cong. (as introduced May 21, 2021); 168 Cong. Rec. S7752 (Dec. 192, 2022). The Venue Act's "silence on its applicability to pending actions supports its application to pending actions." *In re Google*, 2023 WL 3828612, at *3 (finding that "reliance on legislative history to support its prospective-only interpretation of the amendment is unpersuasive"); *see also Republic of Aus. v. Altmann*, 541 U.S. 677, 720 (2004) (Kennedy, J., dissenting) (arguing that a silent statute cannot "speak with the precision and clarity necessary" to delineate the statute's temporal reach). The fact that retroactivity clauses were included in earlier versions of the Venue Act but not in the final, signed legislation should not be given any weight or consideration. *See In re Google*, 2023 WL 3828612, at *3; *Landgraf*, 511 U.S. at 256 (finding that deletion of a retroactivity provision is "not dispositive because it does not tell us precisely where the compromise was struck" in the final legislation).

b. **The Venue Act is a Procedural Rule and Not Genuinely Retroactive.**

Because the Venue Act is silent as to retroactivity, the Panel must then consider the second *Landgraf* factor: whether the Venue Act would have retroactive effect by impairing rights, increasing liabilities, or imposing new duties. *See Landgraf*, 511 U.S. at 280. It does not—therefore, the Venue Act applies to the State Actions.

---

[4] Moreover, it is completely unnecessary to even consider the legislative history of the Venue Act given that the text itself is clear and unambiguous. *See Ex parte Collett*, 337 U.S. 55, 61 (1949) ("[T]here is no need to refer to the legislative history where statutory language is clear."); *Food Mktg Inst. v. Argus Leader Media*, 139 S. Ct. 2356, 2364 (2019) ("Even those of us who sometimes consult legislative history will never allow it to be used to muddy the meaning of 'clear statutory language.'").

5

In *Landgraf*, the Court held that "[c]hanges in procedural rules may often be applied in suits arising before their enactment without raising concerns about retroactivity." *Id*. at 275. Indeed, courts have "regularly applied intervening statutes conferring or ousting jurisdiction, whether or not jurisdiction lay when the underlying conduct occurred or when the suit was filed." *Id.* at 274.

As this Panel has already determined, the Venue Act "is plainly a procedural rule" that concerns venue for pretrial proceedings. *In re Google*, 2023 WL 3828612, at *2. "The venue of an action cannot be characterized as impairing rights that a party had when it acted, increasing a party's liability for past conduct, or imposing new duties." *Id.* at *2; *see also Landgraf*, 511 U.S. at 274 ("Application of a new jurisdictional rule usually takes away no substantive right but simply changes the tribunal that is to hear the case." (quotations omitted)). Other courts have found that newly enacted procedural rules apply to pending cases. *See, e.g.*, *Blaz v. Belfer*, 368 F.3d 501, 502 (5th Cir. 2004) (statute changing process for removal and dismissal of securities class actions); *Zall v. Standard Ins.*, 58 F.4th 284, 292, 296 (7th Cir. 2023) (ERISA amendment requiring plan administrators to provide claimants with additional evidence); *Pezza v. Investors Capital Corp.*, 767 F. Supp. 2d 225, 232-34 (D. Mass. 2011) (Sarbanes-Oxley Act amendment to ban pre-dispute arbitration clauses); *U.S. v. Nat'l City Lines*, 80 F. Supp. 734, 738-39 (S.D. Cal. 1948).

Because the Venue Act is merely a "procedural provision [that] affects the venue for pretrial proceedings," *In re Google*, 2023 WL 3828612, at *2, it applies to pending actions—including the State Actions here.

## CONCLUSION

Because the Venue Act applies to the State Actions, these matters must be remanded to the District of Connecticut, where they were originally filed. Following the passage of that legislation this Panel retains only "the authority to remand previously-centralized state antitrust enforcement actions under subsection (a)." *In re Google*, 2023 WL 3828612, at *3 (finding that the power to

remand is also "a part of the Panel's inherent authority to grant a remedy for actions transferred to an MDL that no longer belong there"). As this Panel has already determined, "the Venue Act plainly is intended to allow state antitrust actions to proceed in the action's original forum." *Id*. Therefore, the State Actions should be remanded to the District of Connecticut.

DATED: November 1, 2023

Respectfully submitted,

/s/ *Colin P. Snider*
Colin P. Snider
Assistant Attorney General
2115 State Capitol
P.O. Box 98920
Lincoln, NE 68509
Tel: (402) 471-7759
colin.snider@nebraska.gov

*Attorney for the State of Nebraska*

W. Joseph Nielsen
Sage L. Zitzkat
Assistant Attorneys General
165 Capitol Avenue
P.O. Box 120
Hartford, CT 06141-0120
Tel: (860) 808-5040
joseph.nielsen@ct.gov
sage.zitkat@ct.gov

*Liaison Counsel for the States*
*Attorneys for the State of Connecticut*

Robert L. Hubbard
Assistant Attorney General
28 Liberty, 20th Floor
New York, New York 10005
Tel: (212) 416-8267
robert.hubbard@ag.ny.gov

*Liaison Counsel for the States*
*Attorney for the State of New York*

Jessica V. Sutton
Special Deputy Attorney General

114 West Edenton Street
Raleigh, North Carolina 27603
Tel: (919) 716-6000
jsutton2@ncdoj.gov

*Attorney for the State of North Carolina*

8