**UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION**

**NOTICE OF HEARING SESSION**

Pursuant to the order of the United States Judicial Panel on Multidistrict Litigation filed today, notice is hereby given that a hearing session has been scheduled to consider various matters under 28 U.S.C. § 1407.

DATE OF HEARING SESSION: **January 25, 2024**

LOCATION OF HEARING SESSION: United States Bankruptcy Court
Federal Building
Courtroom 202, 2nd Floor
1415 State Street
Santa Barbara, California 93101

TIME OF HEARING SESSION: In those matters designated for oral argument, counsel presenting oral argument must be present at **8:00 a.m.** in order for the Panel to allocate the amount of time for oral argument. Oral argument will commence at **9:30 a.m.**

SCHEDULED MATTERS: Matters scheduled for consideration at this hearing session are listed on the enclosed Hearing Session Order and Schedule of Matters for Hearing Session.

- Section A of this Schedule lists the matters designated for oral argument and includes all actions encompassed by Motion(s) for Transfer filed pursuant to Rules 6.1 and 6.2. Any party waiving oral argument pursuant to Rule 11.1(d) need not attend the Hearing Session.

- Section B of this Schedule lists the matters that the Panel has determined to consider **without oral argument**, pursuant to Rule 11.1(c). Parties and counsel involved in these matters need not attend the Hearing Session.

ORAL ARGUMENT:

- The Panel carefully considers the positions advocated in filings with the Panel when it allocates time to attorneys presenting oral argument. The Panel, therefore, expects attorneys to adhere to those positions including those concerning an appropriate transferee district. Any change in position should be conveyed to Panel staff before the beginning of oral argument. Where an attorney thereafter advocates a position different from that conveyed to Panel staff, the Panel may reduce the allotted argument time and decline to hear further from that attorney.

-2-

- The Panel expects attorneys presenting oral argument to be prepared to discuss what steps they have taken to pursue alternatives to centralization including, but not limited to, engaging in informal coordination of discovery and scheduling, and seeking Section 1404 transfer of one or more of the subject cases.

- A transcript of the oral argument will be filed in each docket when it becomes available. Parties who wish to order a transcript may obtain the court reporter's contact information from the court reporter at the hearing or from the Panel at 202-502-2800 following the hearing.

For those matters listed on Section A of the Schedule, the "Notice of Presentation or Waiver of Oral Argument" must be filed in this office no later than **January 2, 2024.** The procedures governing Panel oral argument (Panel Rule 11.1) are attached. The Panel strictly adheres to these procedures.

FOR THE PANEL:

*[signature]*

Tiffaney D. Pete
Clerk of the Panel

cc: Clerk, United States Bankruptcy for the Central District of California

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

### HEARING SESSION ORDER

The Panel issues the following orders in connection with its next hearing session,

IT IS ORDERED that on January 25, 2024, the Panel will convene a hearing session in Santa Barbara, California, to consider the matters on the attached Schedule under 28 U.S.C. § 1407.

IT IS FURTHER ORDERED that the Panel may, on its own initiative, consider transfer of any or all of the actions in those matters to any district or districts.

IT IS FURTHER ORDERED that the Panel will hear oral argument on the matters listed on Section A of the attached Schedule, unless the parties waive oral argument or unless the Panel later decides to dispense with oral argument pursuant to Panel Rule 11.1(c).

IT IS FURTHER ORDERED that the Panel will consider without oral argument the matters listed on Section B of the attached Schedule pursuant to Panel Rule 11.1(c). The Panel reserves the prerogative, on any basis including submissions of parties pursuant to Panel Rule 11.1(b), to designate any of those matters for oral argument.

IT IS FURTHER ORDERED that the Clerk of the Judicial Panel on Multidistrict Litigation shall direct notice of this hearing session to counsel for all parties involved in the matters on the attached Schedule.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | Madeline Cox Arleo |

SCHEDULE OF MATTERS FOR HEARING SESSION
January 25, 2024 -- Santa Barbara, California

# SECTION A
# MATTERS DESIGNATED FOR ORAL ARGUMENT

(This schedule contains only those civil actions listed in the Schedule(s) of Actions submitted with the docketed motion(s) for transfer. See Panel Rules 6.1 and 6.2. In the event these dockets are centralized, other actions of which the Panel has been informed may be subject to transfer pursuant to Panel Rule 7.1.)

MDL No. 3090 − **IN RE: FORTRA FILE TRANSFER SOFTWARE DATA SECURITY BREACH LITIGATION**

   Motion of defendants NationsBenefits, LLC, and NationsBenefits Holdings, LLC, to transfer the following actions to the United States District Court for the District of Minnesota:

    Northern District of California

ROSA, ET AL. v. BRIGHTLINE, INC., C.A. No. 3:23−02132
JACKSON v. BRIGHTLINE, INC., C.A. No. 3:23−02291
NDIFOR v. BRIGHTLINE, INC., C.A. No. 3:23−02503
CASTRO v. BRIGHTLINE, INC., C.A. No. 3:23−02909

    District of Connecticut

ROUGEAU v. AETNA INC., C.A. No. 3:23−00635
VOGEL v. AETNA, INC., C.A. No. 3:23−00740
BANKS, ET AL. v. AETNA, INC., C.A. No. 3:23−00779
W., ET AL. v. AETNA INTERNATIONAL, LLC, ET AL., C.A. No. 3:23−00873
LIZOTTE v. NATIONSBENEFITS, LLC, ET AL., C.A. No. 3:23−00906
GUERRERO v. NATIONSBENEFITS, LLC, C.A. No. 3:23−00910
WILCZYNSKI v. NATIONSBENEFITS, LLC, ET AL., C.A. No. 3:23−00912

    Southern District of Florida

SKURAUSKIS, ET AL., v. NATIONSBENEFITS HOLDINGS, LLC, ET AL.,
   C.A. No. 0:23−60830
SKUYA v. NATIONSBENEFITS, LLC, C.A. No. 0:23−60846
SEZAWICH v. NATIONSBENEFITS, LLC, C.A. No. 0:23−60877
HASSAN v. NATIONSBENEFITS HOLDINGS, LLC, C.A. No. 0:23−60885
VEAZEY, ET AL. v. NATIONSBENEFITS, LLC, C.A. No. 0:23−60891
CALIENDO v. NATIONSBENEFITS, LLC, ET AL., C.A. No. 0:23−60927
WILSON v. NATIONSBENEFITS, LLC, C.A. No. 0:23−60949
WILCZYNSKI v. NATIONSBENEFITS, LLC, ET AL., C.A. No. 0:23−60950
GUERRERO v. NATIONSBENEFITS, LLC, C.A. No. 0:23−60951

BANKS, ET AL. v. NATIONSBENEFITS, LLC, C.A. No. 0:23−60976
FUSS, ET AL. v. NATIONSBENEFITS, LLC, C.A. No. 0:23−61014
DEKENIPP v. NATIONSBENEFITS, LLC, ET AL., C.A. No. 0:23−61089
CLANCY v. NATIONSBENEFITS, LLC, ET AL., C.A. No. 0:23−61107
WANSER v. NATIONSBENEFITS, LLC, C.A. No. 0:23−61141
LIZOTTE v. NATIONSBENEFITS, LLC, ET AL., C.A. No. 0:23−61209
A.T. v. NATIONSBENEFITS HOLDINGS, LLC, ET AL., C.A. No. 0:23−61325
KING v. NATIONSBENEFITS LLC, ET AL., C.A. No. 0:23−61373
SW v. AETNA INTERNATIONAL LLC, ET AL., C.A. No. 0:23−61548

Southern District of Indiana

SHEPHERD v. ANTHEM INSURANCE COMPANIES, INC., ET AL.,
    C.A. No. 1:23−00693

District of Minnesota

ANDERSON, ET AL. v. FORTRA LLC, C.A. No. 0:23−00533

Northern District of Ohio

IN RE INTELLIHARTX DATA SECURITY INCIDENT LITIGATION,
    C.A. No. 3:23−01224
KELLY v. INTELLIHARTX, LLC, C.A. No. 3:23−01338
CABRALES v. INTELLIHARTX, LLC, C.A. No. 3:23−01439
TIMMONS v. INTELLIHARTX, LLC, C.A. No. 3:23−01452
MCDAVITT v. INTELLIHARTX, LLC, C.A. No. 3:23−01499
TERWILLIGER, ET AL. v. INTELLIHARTX, LLC, ET AL., C.A. No. 3:23−01509
FULLINGTON v. INTELLIHARTX, LLC, C.A. No. 3:23−01918

Middle District of Tennessee

KUFFREY v. COMMUNITY HEALTH SYSTEMS, INC., ET AL., C.A. No. 3:23−00285
MARTIN v. COMMUNITY HEALTH SYSTEMS, INC., ET AL., C.A. No. 3:23−00354
GATTI v. CHSPSC, LLC, C.A. No. 3:23−00371
CASELLA v. CHSPSC, LLC, C.A. No. 3:23−00396
TATUM, ET AL. v. CHSPSC, LLC, C.A. No. 3:23−00420
FERGUSON v. COMMUNITY HEALTH SYSTEMS, INC., ET AL.,
    C.A. No. 3:23−00443
MCGOWAN v. COMMUNITY HEALTH SYSTEMS, INC., ET AL.,
    C.A. No. 3:23−00520
UNDERWOOD, ET AL. v. COMMUNITY HEALTH SYSTEMS, INC., ET AL.,
    C.A. No. 3:23−00565

MDL No. 3091 − **IN RE: EYEWEAR ANTITRUST LITIGATION**

  Motion of defendants Costa del Mar, Inc.; Essilor of America, Inc.; EssilorLuxottica America SAS; EssilorLuxottica USA Inc.; EyeMed Vision Care, LLC; For Eyes Optical Company; Frames for America, Inc.; Luxottica of America Inc.; Oakley, Inc.; and Vision Source, LLC, to transfer the following actions to the United States District Court for the Southern District of New York:

      Northern District of California

    FATHMATH v. ESSILORLUXOTTICA S.A., ET AL., C.A. No. 3:23−03626

      Northern District of Illinois

    BROWN v. ESSILORLUXOTTICA S.A., ET AL., C.A. No. 1:23−15176

      District of Minnesota

    MORGAN v. ESSILORLUXOTTICA S.A., ET AL., C.A. No. 0:23−03065
    JONAS, ET AL. v. ESSILORLUXOTTICA S.A., ET AL., C.A. No. 0:23−03082

MDL No. 3092 − **IN RE: SUBOXONE (BUPRENORPHINE/NALOXONE) FILM MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION**

  Motion of plaintiffs Jeremy Schie, David Sorensen, Haleigh Graham, Teresita Badalamenti, Keith King, Santo Pietro, Steve Badalamenti, and Christian Miller to transfer the following actions to the United States District Court for the Northern District of Ohio:

      Middle District of Georgia

    JACKSON v. INDIVIOR, INC., ET AL., C.A. No. 5:23−00425

      Northern District of Illinois

    LONASK v. INDIVIOR, INC., ET AL., C.A. No. 1:23−15300
    ANDERSON v. INDIVIOR, INC., ET AL., C.A. No. 1:23−15323

      Southern District of Illinois

    JOHNSON v. INDIVIOR, INC., ET AL., C.A. No. 3:23−03483

      District of North Dakota

    TROTTIER v. INDIVIOR, INC., ET AL., C.A. No. 3:23−00220

<u>Northern District of Ohio</u>

SORENSEN v. INDIVIOR, INC., ET AL., C.A. No. 1:23−01855
GRAHAM v. INDIVIOR, INC., ET AL., C.A. No. 1:23−01865
BADALAMENTI v. INDIVIOR, INC., ET AL., C.A. No. 1:23−01876
KING v. INDIVIOR, INC., ET AL., C.A. No. 1:23−01924
PIETRO v. INDIVIOR, INC., ET AL., C.A. No. 1:23−02021
BADALAMENTI v. INDIVIOR, INC., ET AL., C.A. No. 1:23−02022
SCHIE v. INDIVIOR, INC., ET AL., C.A. No. 1:23−02024
MILLER v. INDIVIOR, INC., ET AL., C.A. No. 1:23−02026
ZUBAL v. INDIVIOR, INC., ET AL., C.A. No. 1:23−02081
BENNETT v. INDIVIOR, INC., ET AL., C.A. No. 3:23−02148

MDL No. 3093 − **IN RE: PIPE FLASHING PATENT LITIGATION**

Motion of defendant The NeverLeak Co., LP to transfer the following actions to the United States District Court for the Northern District of Ohio:

<u>Northern District of Illinois</u>

GOLDEN RULE FASTENERS, INC. v. R.P. LUMBER CO., INC., C.A. No. 1:20−00692

<u>Northern District of Mississippi</u>

GOLDEN RULE FASTENERS, INC. v. THE NEVERLEAK COMPANY, LP, C.A. No. 3:17−00249

<u>Northern District of Ohio</u>

GOLDEN RULE FASTENERS, INC. v. OATEY CO., C.A. No. 1:19−00341

MDL No. 3094 – **IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION**

Motion of plaintiffs Jaclyn Bjorklund, Delisa Jones, Jarred Olson, Marliene Salinas, Lia Ritchie, Leigh Decorde, Meredith Hotchkiss, Rodney Muilenburg, and Robin Kelly to transfer the following actions to the United States District Court for the Western District of Louisiana:

<u>District of Idaho</u>

HOTCHKISS v. ELI LILLY AND COMPANY, C.A. No. 1:23−00518
JONES v. NOVO NORDISK A/S, ET AL., C.A. No. 3:23−00511
DECORDE v. NOVO NORDISK A/S, ET AL., C.A. No. 4:23−00517

Southern District of Iowa

HUFFMAN v. NOVO NORDISK A/S, ET AL., C.A. No. 4:23−00483

Western District of Louisiana

BJORKLUND v. NOVO NORDISK A/S, ET AL., C.A. No. 2:23−01020
BREAUX v. NOVO NORDISK INC., ET AL., C.A. No. 2:23−01365
SMITH, ET AL. v. ELI LILLY & CO., C.A. No. 2:23−01610
MANUEL v. NOVO NORDISK INC., ET AL., C.A. No. 2:23−01675
MCDONALD v. NOVO NORDISK A/S, ET AL., C.A. No. 2:23−01704

Northern District of Mississippi

BRADLEY v. NOVO NORDISK INC., ET AL., C.A. No. 1:23−00166
KELLY v. NOVO NORDISK A/S, ET AL., C.A. No. 3:23−00446

District of Nebraska

SALINAS v. NOVO NORDISK A/S, ET AL., C.A. No. 4:23−03219

Eastern District of New York

ANDINO v. NOVO NORDISK A/S, ET AL., C.A. No. 2:23−08868

Western District of New York

JONES v. NOVO NORDISK A/S, ET AL., C.A. No. 6:23−06684

Eastern District of Pennsylvania

MILLER v. NOVO NORDISK A/S, ET AL., C.A. No. 2:23−03924

District of South Dakota

MUILENBURG v. NOVO NORDISK A/S, ET AL., C.A. No. 1:23−01017

District of Utah

OLSON v. NOVO NORDISK A/S, ET AL., C.A. No. 2:23−00844

Western District of Wisconsin

RITCHIE v. NOVO NORDISK A/S, ET AL., C.A. No. 3:23−00797

MDL No. 3095 − **IN RE: KAISER COVID−19 VACCINATION EMPLOYMENT PRACTICES LITIGATION**

   Motion of defendants Kaiser Foundation Hospitals, Kaiser Foundation Health Plan Inc., Kaiser Foundation Health Plan of the Northwest, Kaiser Foundation Health Plan of Washington, Southern California Permanente Medical Group, and The Permanente Medical Group, Inc., to transfer the following actions to the United States District Court for the Central District of California:

        <u>Central District of California</u>

   ALLBRIGHT v. SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP INC.,
     C.A. No. 5:23−00022

        <u>Northern District of California</u>

   WEISS v. THE PERMANENTE MEDICAL GROUP, INC., C.A. No. 3:23−03490

        <u>District of Maryland</u>

   MBADUGHA v. KAISER FOUNDATION HEALTH PLAN OF MID-ATLANTIC
     STATES, INC., C.A. No. 8:22−02712

        <u>District of Oregon</u>

KREITEL-KLUMPH v. KAISER FOUNDATION HOSPITALS, ET AL.,
   C.A. No. 3:23−00513
NIEMEYER v. NW PERMANENTE, ET AL., C.A. No. 3:23−00815
BLISS v. KAISER FOUNDATION HOSPITALS, C.A. No. 3:23−00949
BACKSTROM, ET AL. v. KAISER FOUNDATION HOSPITALS, C.A. No. 3:23−01291
BOHLMANN, ET AL. v. KAISER FOUNDATION HOSPITALS, ET AL.,
   C.A. No. 3:23−01322
MARSHALL v. KAISER FOUNDATION HEALTH PLAN OF THE NORTHWEST,
   C.A. No. 3:23−01324
DAVIS v. KAISER FOUNDATION HEALTH PLAN OF THE NORTHWEST,
   C.A. No. 3:23−01437
DRONOV, ET AL. v. KAISER FOUNDATION HOSPITALS, C.A. No. 3:23−01496
BULEK v. KAISER FOUNDATION HOSPITALS, C.A. No. 3:23−01585
COURT v. KAISER FOUNDATION HEALTH PLAN, INC., ET AL., C.A. No. 3:23−01669
MARSHALL v. KAISER FOUNDATION HEALTH PLAN OF THE NORTHWEST,
   C.A. No. 3:23−01675

    Eastern District of Virginia

TYIEASE v. KAISER PERMANENTE, C.A. No. 1:23−01110

    Western District of Washington

POMMIER v. KAISER FOUNDATION HEALTH PLAN OF WASHINGTON,
  C.A. No. 2:23−01409

MDL No. 3096 − **IN RE: PERRY JOHNSON & ASSOCIATES MEDICAL TRANSCRIPTION DATA SECURITY BREACH LITIGATION**

Motion of plaintiffs Ronnie Gill; Ratiek Lowery; Neil Levitt; and Kevin K. Shanahan, et al., to transfer the following actions to the United States District Court for the District of Nevada:

    District of Nevada

GILL v. PERRY JOHNSON & ASSOCIATES, INC., ET AL., C.A. No. 2:23−01851
LOWERY v. NORTHWELL HEALTH, INC., ET AL., C.A. No. 2:23−01857
CARTER v. COOK COUNTY HEALTH, ET AL., C.A. No. 2:23−01866
RODRIGUEZ, ET AL. v. NORTHWELL HEALTH, INC., ET AL., C.A. No. 2:23−01874
O'ROURKE v. NORTHWELL HEALTH, INC., ET AL., C.A. No. 2:23−01880
LEVITT v. NORTHWELL HEALTH, INC., ET AL., C.A. No. 2:23−01892
VETERE v. NORTHWELL HEALTH, INC., ET AL., C.A. No. 2:23−01900
KURTEV, ET AL. v. COOK COUNTY HEALTH & HOSPITAL SYSTEM, ET AL.,
  C.A. No. 2:23−01905
COLON, ET AL. v. PERRY, JOHNSON & ASSOCIATES, INC., C.A. No. 2:23−01910
BELOV, ET AL. v. PERRY JOHNSON & ASSOCIATES, INC., C.A. No. 2:23−01925
FAIVRE v. PERRY JOHNSON & ASSOCIATES, INC., ET AL., C.A. No. 2:23−01926
DAVIS v. PERRY JOHNSON & ASSOCIATES, INC., C.A. No. 2:23−01932
KAUFMAN v. NORTHWELL HEALTH, INC., ET AL., C.A. No. 2:23−01935
SHANAHAN, ET AL. v. PERRY JOHNSON & ASSOCIATES, INC., ET AL.,
  C.A. No. 2:23−01947
O'NEILL, ET AL. v. PERRY JOHNSON & ASSOCIATES, INC., ET AL.,
  C.A. No. 2:23−01964
SEPT, ET AL. v. PERRY JOHNSON & ASSOCIATES, INC., C.A. No. 2:23−01983
L.G. v. PERRY JOHNSON & ASSOCIATES, INC., ET AL., C.A. No. 2:23−01987
RUDERMAN, ET AL. v. NORTHWELL HEALTH, INC., ET AL., C.A. No. 2:23−02014

Eastern District of New York

GERBER v. NORTHWELL HEALTH, INC., ET AL., C.A. No. 2:23−08467
MAYO, ET AL. v. NORTHWELL HEALTH, INC., ET AL., C.A. No. 2:23−08517
HVIDSTEN, ET AL. v. NORTHWELL HEALTH, INC., C.A. No. 2:23−08538
VASQUEZ v. NORTHWELL HEALTH, INC., ET AL., C.A. No. 2:23−08544
BELOV, ET AL. v. NORTHWELL HEALTH, INC., ET AL., C.A. No. 2:23−08583
JEROME v. NORTHWELL HEALTH, C.A. No. 2:23−08624
BREWSTER v. NORTHWELL HEALTH, INC., ET AL., C.A. No. 2:23−08627
MARCONI, ET AL. v. NORTHWELL HEALTH, INC., ET AL., C.A. No. 2:23−08638

# SECTION B
# MATTERS DESIGNATED FOR CONSIDERATION WITHOUT ORAL ARGUMENT

MDL No. 2724 − **IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION**

Motion of plaintiffs State of Connecticut, et al., for remand, pursuant to 28 U.S.C. § 1407(a), of the following actions to the United States District Court for the District of Connecticut:

Eastern District of Pennsylvania

STATE OF CONNECTICUT, ET AL. v. AUROBINDO PHARMA USA, INC., ET AL., C.A. No. 2:17−03768 (D. Connecticut, C.A. No. 3:16−02056)
STATE OF CONNECTICUT, ET AL. v. TEVA PHARMACEUTICALS USA, INC., ET AL., C.A. No. 2:19−02407 (D. Connecticut, C.A. No. 3:19−00710)
STATE OF CONNECTICUT, ET AL. v. SANDOZ, INC., ET AL., C.A. No. 2:20−03539 (D. Connecticut, C.A. No. 3:20−00802)

MDL No. 2873 − **IN RE: AQUEOUS FILM−FORMING FOAMS PRODUCTS LIABILITY LITIGATION**

Motions of defendants The Connecticut Water Company and 3M Company to transfer their respective following actions to the United States District Court for the District of South Carolina:

District of Connecticut

HOFFNAGLE, ET AL. v. CONNECTICUT WATER COMPANY, C.A. No. 3:23−01489

District of New Jersey

SUESSMANN, ET AL. v. E.I. DU PONT DE NEMOURS AND COMPANY, ET AL., C.A. No. 1:23−20415

MDL No. 2904 − **IN RE: AMERICAN MEDICAL COLLECTION AGENCY, INC., CUSTOMER DATA SECURITY BREACH LITIGATION**

Motion of defendants Quest Diagnostics Incorporated and Optum360, LLC to transfer the following action to the United States District Court for the District of New Jersey:

Eastern District of California

BRATTEN v. QUEST DIAGNOSTICS INCORPORATED, ET AL., C.A. No. 2:23−02546

**MDL No. 2924 – IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiffs Peter Kwit, Andrea Santiago, Chiquita Tutwiler, and Claude Vogel to transfer of their respective following actions to the United States District Court for the Southern District of Florida:

<u>Northern District of Illinois</u>

KWIT v. WALGREEN CO., ET AL., C.A. No. 1:23−13949
SANTIAGO v. WALGREEN CO., ET AL., C.A. No. 1:23−13951
TUTWILER v. WALGREEN CO., ET AL., C.A. No. 1:23−13952
VOGEL v. WALGREEN CO., ET AL., C.A. No. 1:23−13953

**MDL No. 3014 − IN RE: PHILIPS RECALLED CPAP, BI−LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiff Richard Whittington to transfer of the following action to the United States District Court for the Western District of Pennsylvania:

<u>Southern District of Ohio</u>

WHITTINGTON v. PHILIPS RESPIRONICS, INC., C.A. No. 2:23−03140

**MDL No. 3047 − IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiff St. Martin Parish School Board to transfer of the following action to the United States District Court for the Northern District of California:

<u>Western District of Louisiana</u>

ST. MARTIN PARISH SCHOOL BOARD v. META PLATFORMS, INC., ET AL., C.A. No. 6:23−01424

**MDL No. 3080 − IN RE: INSULIN PRICING LITIGATION**

Opposition of plaintiffs LDG Medical Services Group, L.L.C., et al., to transfer of the following action to the United States District Court for the District of New Jersey:

<u>District of Puerto Rico</u>

LDG MEDICAL SERVICES GROUP, L.L.C., ET AL. v. ELI LILLY AND COMPANY, ET AL., C.A. No. 3:23−01515

MDL No. 3081 − **IN RE: BARD IMPLANTED PORT CATHETER PRODUCTS LIABILITY LITIGATION**

Oppositions of defendants Becton, Dickinson & Company; C.R. Bard, Inc.; Bard Access System, Inc.; and Bard Peripheral Vascular, Inc., to transfer of the following actions to the United States District Court for the District of Arizona:

District of Colorado

HUNTER v. BECTON, DICKINSON AND CO., C.A. No. 1:23−03048

District of New Jersey

MEADORS v. BECTON, DICKINSON AND COMPANY, ET AL., C.A. No. 2:23−22267

Northern District of Texas

FRANKS v. BECTON DICKINSON AND COMPANY, ET AL., C.A. No. 3:23−02538

MDL No. 3083 − **IN RE: MOVEIT CUSTOMER DATA SECURITY BREACH LITIGATION**

Oppositions of plaintiffs Sophie Jani, and Dominic Fiacco, and defendants Sovos Compliance, LLC, and Primis Bank to transfer of their respective following actions to the United States District Court for the District of Massachusetts:

Northern District of California

JANI v. PATELCO CREDIT UNION, C.A. No. 3:23−05054

Northern District of Illinois

GORMAN v. PROGRESS SOFTWARE CORPORATION, ET AL., C.A. No. 3:23−50397

Western District of New York

FIACCO v. UNIVERSITY OF ROCHESTER, C.A. No. 6:23−06518

Eastern District of Virginia

KLINE v. PRIMIS BANK, C.A. No. 3:23−00574

MDL No. 3084 − **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION**

Opposition of defendants Uber Technologies, Inc., and Rasier, LLC, to transfer of the following action to the United States District Court for the Northern District of California:

District of Maryland

P. v. UBER TECHNOLOGIES, INC., ET AL., C.A. No. 1:23−02580

RULE 11.1: HEARING SESSIONS AND ORAL ARGUMENT

(a)     Schedule. The Panel shall schedule sessions for oral argument and consideration of other matters as desirable or necessary. The Chair shall determine the time, place and agenda for each hearing session. The Clerk of the Panel shall give appropriate notice to counsel for all parties. The Panel may continue its consideration of any scheduled matters.

(b)     Oral Argument Statement. Any party affected by a motion may file a separate statement setting forth reasons why oral argument should, or need not, be heard.  Such statements shall be captioned "Reasons Why Oral Argument Should [Need Not] Be Heard" and shall be limited to 2 pages.

(i) The parties affected by a motion to transfer may agree to waive oral argument. The Panel will take this into consideration in determining the need for oral argument.

(c)     Hearing Session. The Panel shall not consider transfer or remand of any action pending in a federal district court when any party timely opposes such transfer or remand without first holding a hearing session for the presentation of oral argument. The Panel may dispense with oral argument if it determines that:

(i) the dispositive issue(s) have been authoritatively decided; or

(ii) the facts and legal arguments are adequately presented and oral argument would not significantly aid the decisional process.  Unless otherwise ordered, the Panel shall consider all other matters, such as a motion for reconsideration, upon the basis of the pleadings.

(d)     Notification of Oral Argument. The Panel shall promptly notify counsel of those matters in which oral argument is scheduled, as well as those matters that the Panel will consider on the pleadings. The Clerk of the Panel shall require counsel to file and serve notice of their intent to either make or waive oral argument. Failure to do so shall be deemed a waiver of oral argument. If counsel does not attend oral argument, the matter shall not be rescheduled and that party's position shall be treated as submitted for decision on the basis of the pleadings filed.

(i) Absent Panel approval and for good cause shown, only those parties to actions who have filed a motion or written response to a motion or order shall be permitted to present oral argument.

(ii) The Panel will not receive oral testimony except upon notice, motion and an order expressly providing for it.

(e)     Duty to Confer. Counsel in an action set for oral argument shall confer separately prior to that argument for the purpose of organizing their arguments and selecting representatives to present all views without duplication. Oral argument is a means for counsel to emphasize the key points of their arguments, and to update the Panel on any events since the conclusion of briefing.

(f)     Time Limit for Oral Argument. Barring exceptional circumstances, the Panel shall allot a maximum of 20 minutes for oral argument in each matter. The time shall be divided among those with varying viewpoints. Counsel for the moving party or parties shall generally be heard first.