**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION** | **MDL 2724**<br>**16-MD-2724** |
| *This document relates to*: | |
| *State of Connecticut et al. v. Aurobindo Pharma USA, Inc., et al.* | No. 2:17-cv-03768 (CMR) (E.D. Pa.)<br>No. 3:16-cv-02056 (VLB) (D. Conn.) |
| *State of Connecticut et al. v. Teva Pharmaceuticals USA, Inc., et al.* | No. 2:19-cv-02407 (CMR) (E.D. Pa.)<br>No. 3:19-cv-00710 (MPS) (D. Conn.) |
| *State of Connecticut et al. v. Sandoz, Inc., et al.* | No. 2:20-cv-03539 (CMR) (E.D. Pa.)<br>No. 3:20-cv-00802 (SRU) (D. Conn.) |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF
EMERGENCY MOTION FOR A STAY PENDING MANDAMUS**

The States' opposition fails to address that, just six months ago, the Second Circuit granted a stay in a similar procedural posture in *In re: Google Digital Advertising Antitrust Litig.*, MDL No. 3010, 2023 WL 9316534 (J.P.M.L. Aug. 3, 2023), and left that stay in place until it resolved the mandamus petition. There is no reason for the Panel to deny a stay and force the Third Circuit to stay the Panel's remand order while that court considers whether the remand of the State Actions is lawful. The Panel can, and should, provide that relief now.

The stay factors strongly favor granting Defendants' requested relief. *First*, there is a "significantly better than negligible" likelihood that Defendants will prevail on the merits. *In re Citizens Bank, N.A.*, 15 F.4th 607, 616 (3d Cir. 2021). Tellingly, the States ignore this lower standard for stay relief in mandamus cases within the Third Circuit, instead focusing solely on

1

what the Panel decided, rather than what the Third Circuit is likely to conclude. Regardless of the standard, the States have failed to explain why the presumption against retroactivity should not apply here given that "the procedures affected" by the Venue Act—*i.e.*, the transfer of the State Actions into the MDL—"have already transpired," which triggers the presumption in the Third Circuit. *Mathews v. Kidder, Peabody & Co.*, 161 F.3d 156, 161 n.8 (3d Cir. 1998). And the Panel's decision to apply the waiver standard that applies to remands under Section 1407, rather than the standard for venue objections under Section 1406, is a clear legal error given that a Section 1407 remand is indisputably not warranted here, as pretrial proceedings are still ongoing.

*Second*, there is a significant risk of irreparable harm if the remand order is not stayed. Despite the States' assertions, there is a risk that the Third Circuit could conclude it lacks jurisdiction over Defendants' mandamus petition if the State Actions proceed in the District of Connecticut. Indeed, in the sole appellate authority on which the States rely, a judge *dissented* on the ground that the Panel's remand order had deprived the court of appeal of jurisdiction. *See In re Food Lion Inc.*, 73 F.3d 528, 533 (4th Cir. 1996) (Butzner, J., dissenting). The Third Circuit could similarly conclude that an open jurisdictional issue counsels against mandamus relief, or that the Venue Act would bar the Panel from effectuating any mandamus relief granted by the Third Circuit. Any of these outcomes would deprive Defendants of meaningful appellate review. And even if the Third Circuit retained jurisdiction, returning the case to the MDL court after the case proceeded in the District of Connecticut would raise a host of vexing questions about whether and how to unwind steps that took place in the interim. Only a stay would prevent irreparable injury.

*Third*, the balance of hardships and public interest favor a stay. Unlike in *Google*, the States waited more than ten months after the passage of the Venue Act to move for remand in this case. They cannot credibly contend that an additional, smaller delay—which, in *Google*, amounted

to fewer than four months—will prejudice them in any way. It is far better to preserve the status quo, save judicial resources in the District of Connecticut, and avoid the complications that would accompany any attempt to reverse a remand absent a stay.

## **ARGUMENT**

**I.    DEFENDANTS HAVE SATISFIED THE THIRD CIRCUIT'S MERITS STANDARD FOR STAYS IN MANDAMUS CASES.**

The States repeatedly assert that Defendants "cannot show that they have a strong likelihood of success." States' Opp. to Defs.' Mot. to Stay at 1, ECF No. 532 ("Opp."); *see id*. at 4. While Defendants would satisfy that standard, that is not the standard the Third Circuit applies. In the Third Circuit, a "stay applicant need show only a reasonable chance, or probability, of winning mandamus relief." *In re Citizens Bank*, 15 F.4th at 616 (quotation marks omitted). That standard is satisfied "even if the ultimate likelihood of granting the mandamus petition is below 50 percent, so long as it is *significantly better than negligible*." *Id.* (emphasis added). This is a less demanding standard than the Panel applied when it denied a stay in *Google*, and it alone demonstrates that the Panel cannot simply follow its decision in *Google* when evaluating Defendants' stay request.

The States completely disregard the Third Circuit's lower threshold for satisfying the first stay factor in mandamus cases. None of their cited cases address a stay pending mandamus relief, much less in the Third Circuit. And Defendants readily satisfy the Third Circuit's lower standard, for at a minimum, they have a "significantly better than negligible" chance, *id*., of prevailing on one or both of the two issues presented in their mandamus petition: (1) that the presumption against retroactivity applies to the Venue Act, and thus the Act does not require remand of cases already transferred into MDLs; and (2) that the standard for waiver of venue objections under Section

3

1406, not the standard for waiver of the right to remand under Section 1407, applies to the States' motion.

### A. The Venue Act Does Not Apply Retroactively.

The States spill much ink addressing arguments that they contend this Panel "already considered," "correctly noted," "appropriately concluded," or "appropriately rejected." Opp. at 4-6. But the States are asking and answering the wrong question, which is not what this Panel has already held, but what the *Third Circuit* is likely to conclude. The States have almost nothing to say about that inquiry, except to assert that Defendants "provide[] no reason to think that the Third Circuit will find otherwise." *Id.* at 5. Defendants have explained at length, however, why there is a "significantly better than negligible" chance that the Third Circuit will grant mandamus relief. *In re Citizens Bank*, 15 F.4th at 616. The States cannot brush aside those arguments with a mere conclusory statement.

Most significant, the States do not dispute the Third Circuit's clear holding that "procedural rules are subject to the presumption against retroactivity *in a case in which the procedures affected have already transpired*." *Mathews*, 161 F.3d at 161 n.8 (emphasis added); *see also Schoen v. Mountain Producers Corp.*, 170 F.2d 707, 714 (3d Cir. 1948) (new procedural rules could apply "only to the extent that they relate to procedural steps which had not been taken in those actions prior" to the rules' enactment). As Defendants have explained, Mot.14-15, the procedures affected by the Venue Act are the transfers that centralized the State Actions in the MDL court, which occurred years before the Venue Act became law. The States entirely fail to address this argument. They neither dispute that the procedures at issue have already occurred nor attempt to explain why the presumption of retroactivity is nonetheless inapplicable.

The Panel acknowledged that the presumption against retroactivity applies to procedural rules "where the procedures affected have already occurred." Remand Order at 6, ECF No. 526.

4

The Panel reasoned that "[t]ransfer under Section 1407 does not fit into this exception, however, because such transfers are for pretrial purposes only and cases transferred are always subject to remand." *Id*. But while an action transferred into an MDL will always be subject to an eventual remand, it is not subject to remand at any time, simply upon one party's request. As the Panel itself observed, Section 1407 creates a "default" rule "that an action is remanded to its transferor court *at the conclusion of pretrial proceedings*," and the Panel acknowledged that the State Actions are "not approaching trial or even the conclusion of pretrial proceedings." *Id*. at 3-4 (emphasis added). The Panel's own rules, moreover, provide that it "is reluctant to order a remand absent the suggestion of the transferee judge." J.P.M.L. R. 10.3(a). Not only has the transferee court not "suggest[ed]" a remand here, *id*., it expressed significant *reservations* regarding remand. Status Order at 4, ECF 520 at 4. It is beyond dispute that, in these circumstances, a remand under Section 1407 would be unwarranted.

The Panel's remand in this case therefore rested entirely on its determination that the MDL court is no longer a proper venue in light of the Venue Act. And it is only possible to make that determination by concluding that the Venue Act retroactively renders invalid the original transfer to the MDL court, which gave the MDL court the statutory mandate to conduct consolidated pretrial proceedings. That application of a new rule to a procedure that has already taken place squarely contradicts Third Circuit law. Because the Panel's holding nullifies transfers of the State Actions to the MDL that have "already transpired," *Mathews*, 161 F.3d at 161 n.8, it violates the presumption against retroactivity.

### B.  The States Waived Their Venue Objection.

The Panel also erred in applying the Section 1407 standard for waiver of the right to remand, rather than the Section 1406 standard for waiver of venue objections. Section 1407 cannot govern the States' remand motion because remand under Section 1407 is clearly *not* warranted at

5

this time—an indisputable fact that the States do not address in their opposition. As discussed above, the Panel itself acknowledged in its opinion that Section 1407 creates a "default" rule "that an action is remanded to its transferor court at the conclusion of pretrial proceedings," and that the State Actions are "not approaching trial or even the conclusion of pretrial proceedings." Remand Order at 3-4, ECF No. 526.

Because a transfer is unavailable under Section 1407, the only procedural basis for a transfer to the District of Connecticut at this time is Section 1406(a), which permits transfer from an improper venue to a proper one. The waiver standard of Section 1406(b), which requires that venue objections be raised "in a timely and sufficient manner," therefore governs the States' transfer request. Because the States waited ten months before objecting to venue, while continuing to litigate in the MDL court, their objection is waived. Indeed, the States do not dispute that they waived their objection to venue if Section 1406's waiver standard governs.

At a minimum, Defendants have shown that there is a "significantly better than negligible" chance of mandamus from the Third Circuit given the Panel's erroneous application of the Section 1407 standard instead of the Section 1406 standard. Once again, the States ignore the showing needed to obtain a stay, myopically focusing on what this Panel already "considered, and rejected" and offering only the conclusory statement that "the Third Circuit will be unlikely to reverse" the Panel's decision. Opp. at 6-7.

## II. DEFENDANTS ARE LIKELY TO SUFFER IRREPARABLE HARM ABSENT A STAY.

The Third Circuit has held that "an erroneous transfer may result in judicially sanctioned irreparable procedural injury" for which mandamus is appropriate. *In re McGraw-Hill Glob. Educ. Holdings LLC*, 909 F.3d 48, 56 (3d Cir. 2018) (quotation marks omitted). That is because, when "a transfer of a case has been completed, the transferor court—and the appellate court that has

jurisdiction over it—lose all jurisdiction over the case." *In re United States*, 273 F.3d 380, 383 (3d Cir. 2001) (quotation marks omitted). Absent a stay, there is a risk that the Third Circuit will conclude it lacks jurisdiction over Defendants' mandamus petition, thereby preventing it from reviewing the Panel's remand order.

The States insist that Defendants' right to mandamus review will not be affected if their cases proceed in the District of Connecticut, but the authority on which they rely demonstrates the risk that a remand will nullify Defendants' pending mandamus petition. The States cite *In re Food Lion*, 73 F.3d 528, 533 (4th Cir. 1996), for the proposition that the Third Circuit would retain jurisdiction over the petition and could order the Panel to "retransfer" the cases to the MDL court. The States ignore, however, that one of the three judges *dissented*, concluding that "[w]e have no jurisdiction over this case because of the Judicial Panel's remand order." *Id*. at 534 (Butzner, J., dissenting). The Third Circuit, considering this issue of first impression, could agree with the dissenting judge in *In re Food Lion* and find that remand to the District of Connecticut deprives the court of jurisdiction. At the least, the Third Circuit could conclude that an unresolved jurisdictional question is a threshold reason not to grant mandamus, effectively depriving Defendants of appellate review.

The Panel concluded in *Google* that it would retain authority to transfer the case back to the MDL court even after a remand, and that if the court of appeals were to "find error in the remand order, its order would be directed to the Panel, not to a district court." Order Denying Stay at 2, *Google*, No. 3010 (J.P.M.L. Aug. 3, 2023), ECF No. 261. But the Venue Act could stand as an independent obstacle to such a transfer. As Defendants pointed out in their stay motion, the States in *Google* argued that the Venue Act "deprives the JPML of authority to transfer any state enforcement action alleging federal antitrust claims." States' Mot. for Remand at 8, *Google*, No.

7

3010 (J.P.M.L. Feb. 27, 2023), ECF No. 229-1. Notably, the States did not disavow that argument in their opposition here. There is, therefore, a risk that the Panel would be powerless to comply with a writ of mandamus ordering transfer back to the MDL court.

Even if the Third Circuit retained jurisdiction to order the State Actions returned to the MDL court, "there is a substantial chance" that the parties could not "be returned to the positions they previously occupied.'" *Jock v. Sterling Jewelers, Inc.*, 738 F.Supp.2d 445, 448 (S.D.N.Y. 2010). If the State Actions were disentangled from the MDL, then litigated independently in the District of Connecticut, then returned to the MDL on the ground that they never should have been remanded, it would raise a host of difficult questions about whether and how to unwind the procedural and substantive steps that occurred in the District of Connecticut in the interim. It would also throw the ongoing MDL into disarray given that, as Judge Rufe explained, the bellwether State Action "is fully integrated into, and a key part of, the bellwether proceedings." ECF No. 2732 at 5 (Dec. 7, 2023). And it would deprive Defendants of the efficiencies of coordinated proceedings, notwithstanding Judge Rufe's description of the benefits of "streamlining" these exceptionally complex proceedings and her conclusion that "there is still much that can be accomplished through coordinated pretrial proceedings." *Id.* at 3.

A stay will unquestionably preserve Defendants' right to mandamus review and avoid a host of complications stemming from transferring this case while the propriety of the Panel's remand order is on review. Contrary to the States' argument that a "stay would only serve to interject confusion and uncertainty," Opp.10, the opposite is true: A stay would preserve the status quo and facilitate orderly resolution of these proceedings. The Panel should follow the example of the Second Circuit in *Google* and enter a stay pending the resolution of Defendants' mandamus petition.

### III. THE BALANCE OF HARDSHIPS AND PUBLIC INTEREST FAVOR A STAY.

The States identify no harm that would result from a stay. Even if the mandamus petition is denied, a stay would only briefly delay the commencement of proceedings in the District of Connecticut. In *Google*, the Second Circuit issued its decision on the mandamus petition in fewer than four months. *See* Order Denying Pet. for Writ of Mandamus, *In re Google LLC*, No. 23-910 (2d Cir. Oct. 4, 2023), ECF No. 101. The States cannot credibly claim such a delay would cause them any prejudice given that they waited more than *ten months* after the passage of the Venue Act to file their remand motion. Particularly because the remand would itself delay the litigation by taking the cases away from a judge who has ably presided over these cases for years, the balance of hardships and public interest favor a stay.

### CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Panel grant Defendants' emergency motion for a stay pending mandamus.

Dated: March 4, 2024

/s/ Devora W. Allon
Devora W. Allon
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel: (212) 446-4800
Fax: (212) 446-4900
devora.allon@kirkland.com

*Counsel for Upsher-Smith Laboratories, LLC*

/s/ Sheron Korpus
Sheron Korpus
Seth A. Moskowitz
Seth B. Davis
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, New York 10019
Tel: (212) 506-1700
Fax: (212) 506-1800
skorpus@kasowitz.com
smoskowitz@kasowitz.com
sdavis@kasowitz.com

*Counsel for Actavis Elizabeth, LLC, Actavis Holdco U.S., Inc., and Actavis Pharma, Inc.*

/s/ Robin P. Sumner
Robin P. Sumner
Melissa Hatch O'Donnell
Michael J. Hartman
TROUTMAN PEPPER HAMILTON SANDERS LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103
Telephone: (215) 981-4000
robin.sumner@troutman.com
melissa.odonnell@troutman.com
michael.hartman@troutman.com

*Counsel for Amneal Pharmaceuticals, Inc. and Amneal Pharmaceuticals, LLC*

/s/ James W. Matthews
James W. Matthews
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, Massachusetts 02199
Tel:  (617) 342-4000
Fax:  (617) 342-4001
jmatthews@foley.com

*Counsel for Apotex Corp.*

*/s/ G. Robert Gage, Jr.*
G. Robert Gage, Jr., Esq.
Gage Spencer & Fleming LLP
410 Park Avenue, Suite 810
New York, New York 10022
Tel: 212-768-4900
Fax: 212-768-3629
grgage@gagespencer.com

*Counsel for Ara Aprahamian*

*/s/ W. Gordon Dobie*
W. Gordon Dobie Frank A. Battaglia
WINSTON & STRAWN LLP
35 W. Wacker Dr.
Chicago, IL 60601
Tel: (312) 558-5600
Fax: (312) 558-5700
wdobie@winston.com

Irving Wiesen
LAW OFFICES OF IRVING L. WIESEN, P.C.
420 Lexington Ave. – Suite 2400
New York, NY 10170
Tel: (212) 381-8774
Fax: (646) 536-3185
iwiesen@wiesenlaw.com

*Counsel for Ascend Laboratories, LLC*

*/s/ Nathan E. Denning*
Nathan E. Denning
Chloe S. Booth
WIGGIN AND DANA LLP
437 Madison Avenue, 35th Floor
New York, NY 10022
Tel: (212) 551-2600
Fax (212) 551-2888
ndenning@wiggin.com
cbooth@wiggin.com

Benjamin H. Diessel
Emmett F. Gilles
Christopher Bailes
Ariela C. Anhalt
WIGGIN AND DANA LLP
One Century Tower
265 Church Street
New Haven, CT 06510
Tel: (203) 498-4400
Fax: (203) 782-2889
bdiessel@wiggin.com
egilles@wiggin.com
cbailes@wiggin.com
aanhalt@wiggin.com

*Counsel for Aurobindo Pharma U.S.A., Inc.*

*/s/ Robin D. Adelstein*
Robin D. Adelstein
Mark A. Robertson
NORTON ROSE FULBRIGHT US LLP
1301 Avenue of the Americas
New York, NY 10019-6022
Telephone: (212) 318-3000
Facsimile: (212) 408-5100
robin.adelstein@nortonrosefulbright.com
mark.robertson@nortonrosefulbright.com

*Counsel for Bausch Health Americas, Inc. and Bausch Health US, LLC*

*/s/ Guy Petrillo*
Guy Petrillo
Christina Karam
PETRILLO KLEIN & BOXER LLP
655 Third Ave.
22nd Floor
New York, NY 10017
212-370-0330

*Counsel for Douglas Boothe*

*/s/ Larry H. Krantz*
Larry H. Krantz
Jerrold L. Steigman
KRANTZ & BERMAN LLP
747 Third Avenue, 32nd Floor
New York, New York 10017
lkrantz@krantzberman.com
jsteigman@krantzberman.com

*Counsel for James Brown*

*/s/ Michelle N. Lipkowitz*
Michelle N. Lipkowitz
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
555 12th Street NW, Suite 1100
Washington, DC 20004
+1.202.434.7448
MNLipkowitz@mintz.com

*Counsel for Mitchell S. Blashinsky*

*/s/ Donald Hawthorne*
Donald Hawthorne, Esq.
CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
101 Park Avenue
New York, New York 10178
Tel: +1 212 696 6000
Fax: +1 212 697 1559
Email: dhawthorne@curtis.com

*Counsel for Breckenridge Pharmaceutical Inc.*

*/s/ Thomas H. Suddath, Jr.*
Thomas H. Suddath, Jr.
REED SMITH LLP
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Telephone: 215-851-8100
Facsimile: 215-851-1420
tsuddath@reedsmith.com

*Counsel for Maureen Cavanaugh*

*/s/ Steven E. Bizar*
Steven E. Bizar
John P. McClam
Agnese Nadalini
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19104
Tel:  (215) 994-4000
steven.bizar@dechert.com
john.mcclam@dechert.com
agnese.nadalini@dechert.com

*Counsel for Citron Pharma, LLC*

*/s/ Amy Carver*
Amy Carver
Welsch & Recker
306 Walnut Street
Philadelphia, PA 19106
(215) 972-6430
abcarver@welshrecker.com

*Counsel for Tracy Sullivan DiValerio*

*/s/ James A. Backstrom*
James A. Backstrom
JAMES A. BACKSTROM,
COUNSELLOR AT LAW
1515 Market Street, Suite 1200
Philadelphia, PA 19102-1932
(215) 864-7797
jabber@backstromlaw.com

*Counsel for Marc Falkin*

*/s/ Roger B. Kaplan*
Roger B. Kaplan
Jason Kislin
Aaron Van Nostrand
GREENBERG TRAURIG, LLP
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932
Telephone:  (973) 360-7900
Facsimile:  (973) 301-8410

Brian T. Feeney
1717 Arch Street, Suite 400
Philadelphia, PA 19103
Telephone:  (215) 988-7812
Facsimile:  (215) 717-5265
brian.feeney@gtlaw.com

*Counsel for Dr. Reddy's Laboratories, Inc.*

*/s/ Dimitra Doufekias*
Dimitra Doufekias
MORRISON & FOERSTER LLP
2100 L Street, NW Suite 900
Washington, DC 20037
Tel.: (202) 887-1500
Fax: (202) 887-0763
ddoufekias@mofo.com

*Counsel for Glenmark Pharmaceuticals Inc., USA*

| | |
|---|---|
| */s/ Robert E. Connolly* | */s/ Robert E. Welsh, Jr.* |
| Robert E. Connolly | Robert E. Welsh, Jr. |
| Law Office of Robert Connolly, LLC | WELSH & RECKER, P.C. |
| 1735 Market Street | 306 Walnut Street |
| Suite 125, #469 | Philadelphia, PA 19106 |
| Philadelphia, PA 19103 | (215) 972-6430 |
| Telephone: (215) 219-4418 | rewelsh@welshrecker.com |
| bob@reconnollylaw.com | |
| | *Counsel for Kevin Green* |
| *Counsel for James Grauso* | |

*/s/ George Gordon*
George G. Gordon
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19104-2808
Tel.: (215) 994-2000
Fax: (215) 994-2240
george.gordon@dechert.com

*Counsel for Lannett Company, Inc.*

*/s/ Colin Kass*
Colin R. Kass
Proskauer Rose LLP
1001 Pennsylvania Ave, NW
Suite 600 South
Washington, DC 20004
Telephone: (202) 416-6890
Facsimile: (202) 416-6899
ckass@proskauer.com

Bradley I. Ruskin
David A. Munkittrick
Proskauer Rose LLP
Eleven Times Square
New York, New York 10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900
bruskin@proskauer.com
dmunkittrick@proskauer.com

Leiv Blad
Meg Slachetka
Competition Law Partners
1101 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 742-4300
leiv@competitionlawpartners.com
meg@competitionlawpartners.com

*Counsel for Lupin Pharmaceuticals, Inc.*

*/s/ Robert J. Cleary*
Robert J. Cleary
Amy Vegari
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2401
rcleary@pbwt.com
avegari@pbwt.com

*Counsel for Rajiv Malik*

*/s/ Brian J. Smith*
Michael Martinez
Lauren Norris Donahue
Brian J. Smith
K&L GATES LLP
70 W. Madison St., Suite 3300
Chicago, IL 60602
Tel. 312-372-1121
Fax 312-827-8000
michael.martinez@klgates.com
lauren.donahue@klgates.com
brian.j.smith@klgates.com

*Counsel for Mayne Pharma Inc.*

15

| | |
|---|---|
| */s/ Chul Pak*<br>Chul Pak<br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>1301 Avenue of the Americas<br>40th Floor<br>New York, New York 10019<br>Phone: (212) 999-5800<br>Fax: (212) 999-5899<br>cpak@wsgr.com<br><br>Seth C. Silber<br>Jeffrey C. Bank<br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>1700 K Street, NW, 5th Floor<br>Washington, D.C. 20006<br>Phone: (202) 973-8800<br>Fax: (202) 973-973-8899<br>ssilber@wsgr.com<br>jbank@wsgr.com<br><br>Benjamin F. Holt<br>HOGAN LOVELLS US LLP<br>555 Thirteenth Street<br>NW Washington, D.C. 20004<br>Telephone: (202) 637-5600<br>benjamin.holt@hoganlovells.com<br><br>Jasmeet K. Ahuja<br>HOGAN LOVELLS US LLP<br>1735 Market Street, 23rd Floor<br>Philadelphia, PA 19103<br>Telephone: (267) 675-4600<br>jasmeet.ahuja@hoganlovells.com<br><br>*Counsel for Mylan Inc. and Mylan Pharmaceuticals Inc.* | */s/ Peter M. Ryan*<br>Peter M. Ryan<br>COZEN O'CONNOR P.C.<br>One Liberty Place<br>1650 Market Street, Suite 2800<br>Philadelphia, PA 19103<br>Telephone: (215) 665-2130<br>Facsimile: (215) 701-2157<br>pryan@cozen.com<br><br>*Counsel for James Nesta*<br><br><br>*/s/ Adam S. Lurie*<br>Adam S. Lurie<br>LINKLATERS LLP<br>601 Thirteenth Street NW<br>Suite 400S<br>Washington, DC 20005<br>Telephone: (202) 654-9200<br>Facsimile: (202) 654-9210<br>adam.lurie@linklaters.com<br><br>*Counsel for Michael Perfetto* |

*/s/ J. Clayton Everett, Jr.*
J. Clayton Everett, Jr.
William S.D. Cravens
Molly R. Maidman
Y. Frank Ren
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone:  +1.202.739.3000
Facsimile:   +1.202.739.3001
clay.everett@morganlewis.com
william.cravens@morganlewis.com
molly.maidman@morganlewis.com
frank.ren@morganlewis.com

Harvey Bartle IV
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Telephone:  +1.215.963.5000
Facsimile:   +1.215.963.5001
harvey.bartle@morganlewis.com

*Counsel for Perrigo New York, Inc.*

*/s/ Margaret A. Rogers*
Margaret A. Rogers
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
Telephone: +1 212.836.8000
Fax: +1 212.836.8689
Margaret.Rogers@arnoldporter.com

*Counsel for Sandoz Inc. and Fougera Pharmaceuticals Inc.*

*/s/ Jeffrey Brown*
Jeffrey Brown
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036-6797
Telephone: (212) 698-3511
Facsimile: (212) 698-3599
jeffrey.brown@dechert.com

*Counsel for Dave Rekenthaler*

*/s/ Calli J. Padilla*
Stephen A. Miller
Calli J. Padilla
COZEN O'CONNOR P.C.
1650 Market Street
Suite 2800
Philadelphia, PA 19103
(215) 665-6938
(215) 253-6777 (fax)
samiller@cozen.com
cpadilla@cozen.com

*Counsel for Richard Rogerson*

17

*/s/ Alison Tanchyk*
J. Gordon Cooney, Jr.
John J. Pease III
Alison Tanchyk
William T. McEnroe
Zachary M. Johns
MORGAN, LEWIS & BOCKIUS LLP
2222 Market Street
Philadelphia, PA 19103
Tel: (215) 963-5000
Fax: (215) 963-5001
jgcooney@morganlewis.com
john.pease@morganlewis.com
alison.tanchyk@morganlewis.com
william.mcenroe@morganlewis.com
zachary.johns@morganlewis.com

Amanda B. Robinson
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel: (202) 739-3000
Fax: (202) 739-3001
amanda.robinson@morganlewis.com

*Counsel for Teva Pharmaceuticals USA, Inc.*

*/s/ Charles S. Leeper*
Charles S. Leeper
Kenneth M. Vorrasi
Alison M. Agnew
FAEGRE DRINKER BIDDLE & REATH LLP
1500 K Street, NW, Suite 1100
Washington, DC  20005
Telephone:  202-842-8800
Facsimile:  202-842-8465
charles.leeper@faegredrinker.com
kenneth.vorrasi@faegredrinker.com
alison.agnew@faegredrinker.com

*Counsel for John Wesolowski*

*/s/ Clifford Katz*
Clifford Katz
KELLEY DRYE & WARREN LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Tel.: (212) 808-7800
Fax: (212) 808-7897
ckatz@kelleydrye.com

*Counsel for Wockhardt USA LLC*

*/s/ Jason R. Parish*
Jason R. Parish
BUCHANAN INGERSOLL & ROONEY PC
1700 K Street, NW, Suite 300
Washington, DC 20006
Tel:  (202) 452-7900
Fax:  (202) 452-7989
jason.parish@bipc.com

Bradley J. Kitlowski
BUCHANAN INGERSOLL & ROONEY PC
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219
Tel:  (412) 562-8800
Fax:  (412) 562-1041
bradley.kitlowski@bipc.com

*Counsel for Zydus Pharmaceuticals (USA) Inc.*